We are constrained to defer to the court's factual finding in this case that Appellant's purpose in sending congratulatory notes was solely for furthering his reelection as opposed to a genuine desire to recognize civic achievements. *See Commonwealth Dept. of Transportation v. O'Connell,* 521 Pa. 242, 555 A.2d 873, 875 (1989). I caution, however, that the conclusion reached in this case based upon such a finding should not be read as a blanket prohibition of the range of benign activities that judicial officers routinely engage in as public officials who sincerely desire to interact with the community for its betterment as well as that of the judiciary. Some of these activities, such as personally welcoming jurors beginning their service, thanking jurors, either personally or by letter, at the conclusion of their service, dropping notes of thanks or congratulations to individuals who achieve some significant success or milestone in our society, delivering remarks to community groups, accepting a small award, and the like, are entirely permissible so long as they are undertaken without ulterior motive, regardless of the potentiality of some ephemeral benefit that one might speculate could inure to a judge. Rather, I believe that we should encourage judicial officials to reach out to the public in a positive way, instead of creating a climate in which judges shun such activities for fear of judicial discipline.

Finally, I find it obvious that judicial misconduct should not be alleged against a judicial officer who uses his or her staff to assist in proper community outreach. To hold otherwise would be to ignore the reality that judicial officers are overwhelmingly busy, and require staff support for all administrative and clerical functions. In short, if the activity is appropriate for the judicial officer, it is altogether proper to use his or her staff in furtherance of the activity.

Justice CASTILLE joins this concurring opinion.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL PROTECTION**

v.

**BOROUGH OF McADOO, Schuylkill County; Gregory Kurtz, Mayor; Kathleen S. Barletta; Mary Labert; Stephen Holly; Hubert Hartz; Clainr Preputnick; Joseph Jevitt and Michael Benico, Borough Council; Kline Township, Schuylkill County; Carmen Cara; Anthony Morelli and George Stefanisko, Kline Township Supervisors; Hazle Township, Luzerne County; Andy Benyo; Anthony Matz and Ruth Clatch, Hazle Township Supervisors; and Banks Township, Carbon County; Joseph Colecio, Jr.; David Davidovich and Richard Bodnar, Banks Township Supervisors.**

**Appeal of Kline Township and Kline Township Municipal Authority.**

Supreme Court of Pennsylvania.

Aug. 20, 2007.

## ORDER

PER CURIAM.

The Order of the Commonwealth Court dated August 30, 2006 is **AFFIRMED.**

■

**Randal V. KLINE and Carol L. Kline, Appellants**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Aug. 20, 2007.

## *ORDER*

PER CURIAM.

**AND NOW,** this 20th day of August, 2007, the order of the Commonwealth Court is affirmed.

■

**Michael MYRICK, Petitioner,**

v.

**Tom ROWLAND, Record Room Supervisor, SCI–Graterford Pennsylvania Parole Board, Respondent.**

No. 95 EM 2007.

Supreme Court of Pennsylvania.

Aug. 22, 2007.

## *ORDER*

PER CURIAM.

**AND NOW,** this 22nd day of August, 2007, the Application for Leave to File Original Process is granted and the Petition for Writ of Mandamus and/or Extraordinary Relief is denied.

■

**Levon MOORE, Petitioner,**

v.

**David DIGUGLIELMO, Superintendent of the State Correctional Institution at Graterford, The District Attorney of the County of Philadelphia, Respondent.**

No. 87 EM 2007.

Supreme Court of Pennsylvania.

Aug. 22, 2007.

## *ORDER*

PER CURIAM.

**AND NOW,** this 22nd day of August, 2007, the Application for Leave to File Original Process is granted.  The Petition